# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**JOHN McQUEEN,**

      Plaintiff,

  v.                                                **Case No.: 2:16-cv-344**
                                                      **JUDGE GEORGE C. SMITH**
                                                      **Magistrate Judge Vascura**

**LYNN FISHER,**

      Defendant.

## OPINION AND ORDER

This matter is before the Court upon Defendant Lynn Fisher's Amended Motion to Dismiss for Lack of Subject Matter Jurisdiction and Failure to State a Claim ("Fisher's Motion to Dismiss") (Doc. 14). Pro se Plaintiff John McQueen filed several documents containing arguments in opposition to Fisher's Motion to Dismiss (Docs. 16–19). Fisher elected not to file a reply. The motion is now ripe for disposition. For the following reasons, Fisher's Motion to Dismiss is **GRANTED**.

## I.     BACKGROUND

McQueen applied to rent an apartment at Castleton Gardens Apartments in Columbus, Ohio in November 2013. (Doc. 6, Am. Compl. at 2). Fisher was a property manager at Castleton Gardens and requested, as part of the rental application, information regarding McQueen's criminal history. (*Id.*). After McQueen supplied this information, Castleton Gardens denied McQueen's rental application, in accordance with its acceptance criteria, due to a previous felony conviction within the past seven years. (*Id.*). McQueen argues that his criminal

history was merely a pretext for discrimination by Fisher on the basis of his race and spiritual beliefs. (*Id.*).

McQueen first commenced an action in the Franklin County Court of Common Pleas on January 14, 2014 (the "state court action"). McQueen alleged in the state court action, as he does here, that Fisher denied his rental application on the basis of his race and spiritual beliefs. (Doc. 14-1, June 16, 2015 State Court Decision and Entry at 2). Fisher moved for summary judgment on May 30, 2014. (*Id.* at 9). Construing McQueen's pro se state court complaint as asserting claims under both federal and Ohio fair housing laws (42 U.S.C. § 3604; O.R.C. 4112.02(H)), the state court determined that McQueen could not establish a prima facie case of discrimination because he was not qualified to rent an apartment under Castleton Gardens' acceptance criteria. (Doc. 14-1, June 16, 2015 State Court Decision and Entry at 8). Accordingly, the state court granted summary judgment in favor of Fisher on June 16, 2015. (*Id.* at 9).

McQueen appealed the grant of summary judgment to the Tenth District Court of Appeals, which dismissed the appeal on February 16, 2016. McQueen further petitioned for the Ohio Supreme Court to hear his appeal, but the Supreme Court declined jurisdiction on June 15, 2016.

While awaiting disposition of his application to the Supreme Court, McQueen commenced a second action in this Court on April 18, 2016, asserting identical claims against Fisher. (Doc. 1, Compl.). Fisher moved to dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) on April 21, 2017. (Doc. 14).

## II. STANDARDS OF REVIEW

### A. Dismissal under Rule 12(b)(1)

Federal Rule of Civil Procedure 12(b)(1) provides for dismissal when the court lacks subject matter jurisdiction. Without subject matter jurisdiction, a federal court lacks authority to

2

hear a case. *Thornton v. Sw. Detroit Hosp.,* 895 F.2d 1131, 1133 (6th Cir. 1990). Motions to dismiss for lack of subject matter jurisdiction fall into two general categories: facial attacks and factual attacks. *United States v. Ritchie,* 15 F.3d 592, 598 (6th Cir. 1994). A facial attack under Rule 12(b)(1) "questions merely the sufficiency of the pleading," and the trial court therefore takes the allegations of the complaint as true. *Wayside Church v. Van Buren Cty.*, 847 F.3d 812, 816 (6th Cir. 2017) (quoting *Ohio Nat'l Life Ins. Co. v. United States,* 922 F.2d 320, 325 (6th Cir. 1990)). To survive a facial attack, the complaint must contain a short and plain statement of the grounds for jurisdiction. *Rote v. Zel Custom Mfg. LLC*, 816 F.3d 383, 387 (6th Cir. 2016).

A factual attack is a challenge to the factual existence of subject matter jurisdiction. No presumptive truthfulness applies to the factual allegations. *Glob. Tech., Inc. v. Yubei (XinXiang) Power Steering Sys. Co.*, 807 F.3d 806, 810 (6th Cir. 2015). When examining a factual attack under Rule 12(b)(1), "the court can actually weigh evidence to confirm the existence of the factual predicates for subject-matter jurisdiction." *Glob. Tech., Inc. v. Yubei (XinXiang) Power Steering Sys. Co.*, 807 F.3d 806, 810 (6th Cir. 2015) (quoting *Carrier Corp. v. Outokumpu Oyj*, 673 F.3d 430, 440 (6th Cir. 2012)). The plaintiff has the burden of establishing jurisdiction in order to survive the motion to dismiss. *DLX, Inc. v. Kentucky,* 381 F.3d 511, 516 (6th Cir. 2004); *Moir v. Greater Cleveland Reg'l. Transit Auth.,* 895 F.2d 266, 269 (6th Cir. 1990).

**B.** **Rule 12(b)(6)**

Under the Federal Rules, any pleading that states a claim for relief must contain a "short and plain statement of the claim" showing that the pleader is entitled to such relief. Fed. R. Civ. P. 8(a)(2). To meet this standard, a party must allege sufficient facts to state a claim that is "plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007). A claim will be considered "plausible on its face" when a plaintiff sets forth "factual content that allows the court

to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Rule 12(b)(6) allows parties to challenge the sufficiency of a complaint under the foregoing standards. In considering whether a complaint fails to state a claim upon which relief can be granted, the Court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Ohio Police & Fire Pension Fund v. Standard & Poor's Fin. Servs. LLC*, 700 F.3d 829, 835 (6th Cir. 2012) (quoting *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007)). However, "the tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 663. Thus, while a court is to afford plaintiff every inference, the pleading must still contain facts sufficient to "provide a plausible basis for the claims in the complaint"; a recitation of facts intimating the "mere possibility of misconduct" will not suffice. *Flex Homes, Inc. v. Ritz-Craft Corp of Mich., Inc.*, 491 F. App'x 628, 632 (6th Cir. 2012); *Iqbal*, 556 U.S. at 679.

### III. DISCUSSION

Fisher has moved to dismiss based on the *Rooker-Feldman* doctrine, res judicata, relevant statutes of limitations, and failure to state a prima facie case of discrimination. Because the Court finds both that it lacks subject-matter jurisdiction to hear McQueen's claims based on the *Rooker-Feldman* doctrine and that McQueen's claims are barred by res judicata, it need not reach the remaining grounds for Fisher's motion.

### A.     The Rooker-Feldman doctrine

Fisher contends that this Court lacks jurisdiction to hear McQueen's claims because this action is an attempt to appeal a state court judgment to a federal district court in violation of the *Rooker-Feldman* doctrine. The Court agrees.

The *Rooker-Feldman* doctrine derives from premise that "only the Supreme Court of the United States has the jurisdiction to review state court decisions." *Coleman v. Governor of Mich.*, 413 F. App'x 866, 870 (6th Cir. 2011). As the United States Supreme Court has held, the doctrine "is confined to . . . cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indust. Corp.*, 544 U.S. 280, 284 (2005).

Whether the *Rooker-Feldman* doctrine applies involves a two-part inquiry. First, the Court determines whether the federal claim is "inextricably intertwined" with the claim asserted in the earlier state court action. A claim is "inextricably intertwined" if "the federal claim succeeds only to the extent that the state court wrongly decided the issues before it. Where federal relief can only be predicated upon a conviction that the state court was wrong, it is difficult to conceive the federal proceeding as, in substance, anything other than a prohibited appeal of the state-court judgment." *Hutcherson v. Lauderdale Cty., Tenn.*, 326 F.3d 747, 756 (6th Cir. 2003) (quoting *Catz v. Chalker*, 142 F.3d 279, 293 (6th Cir. 1998)). Second, the Court considers "whether the federal claim is a 'general challenge to the constitutionality of the state law applied in the state action,' to which the *Rooker-Feldman* doctrine would not apply, or 'a specific grievance that the law was invalidly—even unconstitutionally—applied in the plaintiff's particular case,' that would raise a *Rooker-Feldman* bar." *Id.*

Here, the claims in McQueen's federal action are more than "inextricably intertwined" with the claims in his earlier state court action—they are identical. The state court complaint and the operative Amended Complaint in this action are the same in content but for a few stray word changes. Thus, any relief provided by this Court could "only be predicated upon a conviction that the state court was wrong." *Hutcherson*, 326 F.3d at 756. Further, McQueen has not made a general challenge to the constitutionality of the state law applied in the state action. He merely seeks an alternate forum in which to try the same claims under federal and Ohio fair housing laws a second time. Thus, McQueen's present action can only be construed as an appeal of a state court judgment to a federal district court which is barred by *Rooker-Feldman*.

**B.  Res Judicata**

Fisher also argues that McQueen's claims are barred under the doctrine of res judicata because they assert claims that were, or could have been, asserted and adjudicated in the state court action. The Court again agrees with Fisher.

State court judgments are given the same preclusive effect under the doctrine of res judicata as they "would receive in courts of the rendering state." *Ohio ex rel. Boggs v. City of Cleveland*, 655 F.3d 516, 519 (6th Cir. 2011) (quoting *ABS Indus., Inc. ex rel. ABS Litig. Trust v. Fifth Third Bank,* 333 F. App'x 994, 998 (6th Cir. 2009) and *Ingram v. City of Columbus,* 185 F.3d 579, 593 (6th Cir. 1999)). Thus, "'[i]f an individual is precluded from litigating a suit in state court by the traditional principles of res judicata, he is similarly precluded from litigating the suit in federal court.'" *Id.* (quoting *Gutierrez v. Lynch,* 826 F.2d 1534, 1537 (6th Cir.1987)). Federal courts therefore look "to the state's law to assess the preclusive effect it would attach to that judgment." *Id.*

Under Ohio law, a claim is precluded by the doctrine of res judicata if it satisfies the following four elements:

(1) a prior final, valid decision on the merits by a court of competent jurisdiction; (2) a second action involving the same parties, or their privies, as the first; (3) a second action raising claims that were or could have been litigated in the first action; and (4) a second action arising out of the transaction or occurrence that was the subject matter of the previous action.

*Boggs*, 655 F.3d at 520.

There is no question that Ohio's claim preclusion doctrine is satisfied here. First, the Franklin County Court of Common Pleas issued a final judgment on the merits (finding that McQueen could not make out a prima facie case of discrimination). Second, McQueen commenced a second action in this Court involving identical parties (McQueen and Fisher). Third, the present action raises the same claims (violation of federal and Ohio fair housing laws on the basis of racial and religious discrimination) that were raised in the prior state court action. And fourth, the present action arises out of the same transaction or occurrence (Castleton Gardens' refusal to rent an apartment to McQueen) as the previous state court action.

Thus, even if this Court had subject-matter jurisdiction over McQueen's claims, his claims must be dismissed as barred by res judicata.

## IV. CONCLUSION

For the foregoing reasons, Fisher's Motion to Dismiss is **GRANTED**. The Clerk shall remove Document 14 from the Court's pending motions list and close this case.

**IT IS SO ORDERED.**

    */s/ George C. Smith*
**GEORGE C. SMITH, JUDGE**
**UNITED STATES DISTRICT COURT**